UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-478-MOC

| ALICIA S. SMITH, | ) | |
|---|---|---|
| Plaintiff, pro se, | ) | |
| vs. | ) | ORDER |
| WELLS FARGO AUTO, GORAN LNU, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on a motion to dismiss, filed by Defendants Wells Fargo Bank, N.A.,[1] and Goran LNU, (Doc. No. 7), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

Plaintiff's Complaint alleges that she learned on July 25, 2022, that Wells Fargo and Goran LNU (presumably a Wells Fargo employee) violated Plaintiff's rights pursuant to the Fair Debt Collection Practices Act ("FDCPA") on June 11, 2021. (Compl. ¶ 3). Plaintiff's Complaint does not contain any factual allegation to support her claim. As a remedy, Plaintiff seeks: "Removal of all information from company records and all third parties. Zero out all alleged debts, send title lien free to plaintiff and pay violation fees of $100,000.00 pursuant to the Fair Debt Collection Practices Act." (Id. ¶ 4).

Defendants filed their pending motion to dismiss on September 22, 2022, contending that

---

[1] Defendant was incorrectly named as Well Fargo Auto.

1

this action must be dismissed as barred by the applicable statute of limitations and for failure to state a claim under the FDCPA. On the same day, this Court entered an Order notifying Plaintiff of her right to respond to the motion. (Doc. No. 9). Plaintiff filed a Response on September 27, 2022, and Defendants filed their Reply on October 4, 2022. (Doc. Nos. 10, 11). This matter is ripe for disposition.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

While the Court may construe complaints by pro se plaintiffs liberally, the complaint must still allege "'facts sufficient to state all the elements of [plaintiff's] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

## III. DISCUSSION

The Court first agrees with Defendants that this action is subject to dismissal as barred by the applicable statute of limitations. The FDCPA contains a one-year statute of limitations that commences when the violation occurs. 15 U.S.C. § 1692k(d). Further, no discovery rule applies to delay the commencement of the statute. Rotkiske v. Klemm, 140 S. Ct. 355, 360 (2019). Plaintiff pleads that her rights under the FDCPA were violated on June 11, 2021. (Compl. ¶ 3). Because Plaintiff filed her Complaint more than one year after that date, the statute of limitations bars Plaintiff's FDCPA claim.

The Court finds, additionally, that this action is subject to dismissal for failure to state a claim under the FDCPA. The Complaint claims that Defendants violated Plaintiff's rights under the FDCPA and demands that they furnish her extensive relief. However, the Complaint contains no factual allegations whatsoever to support Plaintiff's claim. Therefore, Plaintiff's Complaint fails to comply with the Twombly/Iqbal standard.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Defendants' motion to dismiss and dismisses this action with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. No. 7), is **GRANTED**.
2. This action is dismissed with prejudice.
3. The Clerk is directed to terminate this action.

Signed: October 17, 2022

Max O. Cogburn Jr
United States District Judge